Our fifth case this morning, Jacobsen v. The Commissioner of Internal Revenue. Good morning, Your Honors. May it please the Court. Good morning. I represent Mr. Jacobsen. You have a low, well-modulated voice. And I am an old, old man, so talk up a little louder, please. Thank you, Your Honor. I represent Mr. Jacobsen, who, despite an extreme disruption in his life, has ensured that he scrupulously pays his taxes for the past few years. He's a divorced veteran who has suffered economic hardship. And who, at present, is trying to set up his life and move on from what was really an extreme circumstance that he found himself in a couple of years ago. Mr. Jacobsen's wife embezzled some money from his employer. And here, the tax court denied him relief under the Innocent Spouse, Section 6015. I will make two points. I'm going to start you out, if I might. You know, you point out that Jacobsen knew when their 2011 tax return was filed that his wife had embezzled, but that knowing about the embezzlement did not alert him to amount owed or what income was attributable to the embezzlement. Creating such a distinction, would it not have the perverse effect of rewarding the non-embezzling spouse for burying his head in the sand once he learned about the embezzlement? And, of course, that cannot be what the IRS intended by liberalizing the equitable relief in 6015F. Can it be? Indeed not, Your Honor. So what we have here is a rather unsophisticated taxpayer who didn't have the means for determining what was due for 2011. In fact, when you look at the record, you'll find that the high-IRS agent herself, who made a determination as to how much was owed, found it very difficult to determine the amount for 2011. So, of course, Mr. Jacobsen knew about the embezzlement, but it was very difficult for any layperson to determine the exact amount that was owed for 2011. And that's the argument that we make here, Your Honor, that he just didn't have the means, he didn't have the capacity to do so. Who bears the burden of proving in the tax court that the taxpayer knows that embezzled income is taxable and is aware that it should be reported? So for 6015F, as to equitable relief, it is not clear who has the burden of proof of knowledge. But for 6015B and C, where knowledge is actually a condition, I believe that the taxpayer has the burden to show that he doesn't have knowledge, in fact. But here for equitable relief, it's not exactly clear who has the burden. But, Your Honor, what we have here is a very weak knowledge, indeed. Mr. Jacobsen knew about the embezzlement, didn't know about the exact amount. In fact, Mr. Jacobsen didn't know whether embezzlement income was reportable. I believe if you walk down the street and you ask any layperson as to whether embezzlement income ought to be reported, you are likely to get different answers. Much of what you would hear back would be that it's unlikely to be taxable. In fact, the Supreme Court at some point deemed embezzlement income non-taxable and afterwards reversed itself. And so what we have here, Your Honor, is a very weak kind of knowledge. Mr. Jacobsen has no background in business, has relied on his wife over the years for filing his taxes and handling his finances, and since this happened, even though it's such an extreme disruption of his life, even though this is something that he's not done himself for so long, he has scrupulously since then filed his taxes and made his payments on time. And so what we have are four positive factors for granting relief and one negative factor against relief. What a tax court does then, essentially, is to elevate the knowledge factor to a but-for factor, to a super factor. This goes contrary to the intention of Congress. Congress was very particular about the knowledge analysis. It's made knowledge a condition in 6015B, made knowledge a condition in 6015C, and when you look to the Rev. Prock, which resorts from 15 years of implementing the statute and which corrected the initial analysis, which made knowledge a super factor all through, even for 6015F, the Rev. Prock in 2013 reversed that, right, corrected itself after 15 years and decided that the knowledge factor would still remain a super factor under the first analysis in 6015F. There are two analyses for 6015F. One, when you're determining automatic relief. When you're determining automatic relief, you have three conditions that must be met. One is that you must be divorced. Two is that you must have economic hardship. And three is that you must not have knowledge of the high term that was to be reported. Now, there's a second analysis under 6015F, and that is the main analysis here, the equitable relief analysis. There, knowledge is not a super factor. What you're looking at is the totality of the circumstances. You're trying to do equity. You're trying to be fair to the party because the party cannot find relief under 6015B, under C, under automatic relief. But now you think that because of the circumstances of this case, right, the taxpayer is deserving of relief. And what we have here really, Your Honors, is a very sympathetic taxpayer, I think. Mr. Jacobson has relied for many years on his wife. His wife has an accounting degree. His wife is... Forgive me, but should the agreement that Jacobson and his now ex-wife signed, agreeing to pay half of the tax liabilities for 2010 and 2011, should that agreement be accorded any weight or consideration by us? And is there a copy of that agreement in the record? I believe it shouldn't be given any weight. I'm not sure if it's on the record, Your Honor. But I don't think it... It's not given any weight? No, Your Honor. No, Your Honor. Do you want to tell us why? The main reason why the tax court reached the decision it reached here is because it taught that Mr. Jacobson had a special kind of knowledge that made him undeserving of relief. And I think that's the primary consideration here, is that we argue that knowledge should not be a superfactor in the manner in which the tax court did its analysis. If indeed the tax court or the IRS, if the IRS had thought that the knowledge factor here was particularly egregious, it could have brought a case for fraud, but it didn't. The penalty is under 6662, which is different from what you would bring under fraud, which would be 6663. And so, again, Your Honor, what we have here is an incredibly weak kind of factor, a weak kind of knowledge. Are you saving yourself for a rebuttal? Yes, Your Honor, if you have no more questions. Thank you. Thank you. Ms. Hauser. Thank you, Your Honor. May it please the Court, I'm Bethany Hauser on behalf of the Commissioner of Internal Revenue. This is a case in which Mr. Jacobson's former wife embezzled half a million dollars from her employer. Mr. Jacobson has sought relief from the resulting tax liability, and he has received relief for most of the years during which the embezzlement took place, either through bankruptcy or through the tax court opinion. Here, the tax court granted him relief for the 2010 tax year, but the only year for which the tax court denied relief is 2011, in which only the tax on only the last $60,000 was embezzled. By that time, the lady had already been convicted? Yes. Was in jail? Yes, she was convicted by a Wisconsin jury. She was in jail. He nevertheless relied on her analysis. That's correct, Your Honor. That's what the tax court found here was the difference between the 2010 tax year and the 2011 tax year was the major distinction between those two tax years was that by the time the return was filed for 2011, Mr. Jacobson was aware of the embezzlement because she had been arrested, tried to a jury, convicted by a Wisconsin jury. She'd been sentenced. Ms. Hauser. Yes. Is there any way we can assure ourselves from the record that the tax court was aware that actual knowledge is no longer weighed more heavily than other factors? The tax court in this case relies on the current revenue procedure, the 2013 revenue procedure. It's following that revenue procedure, which is the one that states it is no longer weighed more than other factors. That's it? In other words, all it said, compare that to what it said. Usually, Your Honor, the information we have about the law considered by a court is the information in the tax court opinion. I'm sorry. Did you have a... Does that answer your question? Exception of knowledge, all the equitable factors for consideration were either neutral or weighed in favor of Mr. Jacobson. The real question for me at any rate is whether it was error to assign so much weight to just one of the factors. And it isn't entirely clear, of course, looking at the statute, whether our review is for abuse of discretion or clear error. It's clear that it's... It's clear that it is deferential, but you understand my question, I'm sure. I think that the answer to your question, Your Honor, is that the revenue procedure here, the 2013 revenue procedure, is clear that no one factor necessarily determines the outcome, but that the degree of the importance of the different factors will vary with the different cases. In this case, the tax court didn't treat knowledge as a but-for superfactor. It just saw that on the facts of this case, we have a very unusual circumstance with a taxpayer who is aware of the income, taking responsibility for preparing the return, and omitting to report that income on the return to the tax court. That was worthy of a great deal of weight. Although the other factors did not weigh against the taxpayer, a lot of them did not weigh particularly heavily. Excuse me? I mean, realistically, what do you think Jacobson could have done differently if he had no to identify which funds were embezzled on the couple's bank statements? Help me out. What was he supposed to tell or give to the tax preparer to avoid underpaying? He is obviously a very unsophisticated individual. And his wife ran, I mean, she's an accountant, for heaven's sake. When we were all married to accountants, life would be so much easier. Mr. Jacobson did go to a tax professional, and he had access to all of the records, including the bank accounts, showing all the deposits of the embezzled income. My understanding is it was all intermingled. Well, it was intermingled with other income, but it was all income. Those unexplained deposits in his bank account would be income, even if they weren't embezzled. And what we had here was income from his home inspection business, which he had all the records for. He was the home inspector, so he would have been able to tell which deposits reflected that. He was in a better position than anyone else to figure that out. He had information from the employers about their wage income. So had he made a small mistake, I don't think the tax court would have found the same issue. Had he been off by a few thousand dollars, I don't think that would have concerned the tax court here. Then the tax court would have seen that he had done everything in his power to comply. Instead, what the tax court saw is that being well aware of the embezzlement, he went and filed tax returns not reflecting that income. Let me again explain my problem. Given the directive in the revised procedure that actual knowledge should no longer be weighed more heavily than other factors, I am trying to figure out how the tax decision can be justified. The court essentially acknowledged that despite many factors, weighing in Mr. Jacobson's favor, his knowledge, and I'm going to quote, weighed too heavily against him to allow relief. So it certainly seems that that's what they were hinging their decision on, does it not? I think, Your Honor, that you and I may be reading the revenue procedure differently. The 2013 revenue procedure reverses a prior rule which had allowed knowledge to be a but for a factor in any case, regardless of the other circumstances. But it doesn't create the opposite rule where knowledge could never be the overriding consideration. I didn't say that. I didn't say that. So I think that that's what the tax court did in this case, Your Honor, was to say that the knowledge, it's not that under the revenue procedure, knowledge has to be an overriding consideration. It's that on the facts of this case, knowledge was. It is very unusual. Even though every other factor was in Mr. Jacobson's favor. That would be pushing things, Your Honor. The divorce decree, for example, if he accepted that he would pay his part of the tax liability and the economic hardship financial factor has not been fully developed because Mr. Jacobson has not introduced the pertinent evidence. But yes, the tax court found that the other factors, you know, for the 2010 year, the tax court found the other factors came out in his favor. So the balance. But I think you could say those factors are closer to the line and thus knowledge pushes it over. Does that answer your question, Your Honor? No, because the court should have said that. As I think you said earlier, Your Honor. They're doing a wonderful job for the court, but the tax court shouldn't say. As I think you said earlier, Your Honor, the standard of review is at least somewhat deferential to the tax court's findings or exercise of discretion. And so I think that it is straightforward enough to interpret its decision in that manner that this court should affirm on that basis. And I see I'm running out of time. If there's no further questions, I will ask you to affirm on the basis of our briefs and thank the court. Thank you. Thank you. I don't think you had much time, but you had a minute and eight seconds. First, Your Honors, to answer the question asked, the tax court did find in 2011 that the factors, the economic hardship and three other factors were in favor of Mr. Jacobson. Also, Mr. Jacobson wouldn't know that embezzlement is income that needed to be reported. And as to the question of the tax preparer, there's nothing on record that shows that he would have been able to determine how much was owed for 2011. We don't know his abilities to do that. The high-risk agent who found the amount that needed to be paid for that year struggled to come to that amount and needed a lot of help from Mr. Jacobson, from Ms. Lemons, and even had to look to the court record. And eventually the resort that she came up with, the conclusions that she reached, was different from the conclusion that the criminal court reached on that particular question. And also, as to the rev proc, it is clear that knowledge should no longer be weighed more heavily than other factors. If you have no more questions, Your Honor, we're done. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.